I concur in the result because the arbitration agreement is contained within the same contract under which the plaintiff asserts his claims against American Hardware. Although it originally disputed the matter, the defendant American Hardware conceded before the hearing on the motion to compel arbitration that the plaintiff Elton Dyess is an "insured" under the insurance policy between Jack Ingram Motors and American Hardware. In pertinent part, the liability coverage section of the policy provides:
"Who Is An Insured
 "a. The following are 'insureds' for covered 'autos':
"(1) You for any covered 'auto.'
 "(2) Anyone else while using with your permission a covered 'auto' you own, hire or borrow. . . ."
Because Elton Dyess is an "insured" under the language of the policy, I will not address whether he is also a third-party beneficiary. He is bound by the arbitration agreement included in the policy because he is an insured and is seeking coverage pursuant to the policy. The plaintiff cannot pick and chose what portions of the policy are applicable to him. Furthermore, this case is factually distinguishable from Ex parte Isbell, [Ms. 1951384, August 29, 1997] (Ala. 1997). In Isbell, we held that the relationships between the parties were separate and distinct and were not interrelated. However, in this case, the parties share an integral relationship, and the plaintiff must therefore submit his claim to arbitration pursuant to the agreement between Jack Ingram Motors and American Hardware.
KENNEDY, J., concurs.